FILED
United States Court of Appeals
Tenth Circuit

January 5, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDON L. LANKING,

    Defendant - Appellant.

No. 21-1404
(D.C. No. 1:17-CR-00483-RBJ-3)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we order the case submitted without oral argument.

Brandon Lanking was found guilty, following a jury trial, of two counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery. A United States Probation Officer prepared a Presentence Investigation Report ("PSR"). The PSR concluded Lanking was a career offender for purposes of

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.S.G. §§ 4B1.1 and 4B1.2. Based on the applicability of the career-offender enhancement, Lanking's advisory sentencing guidelines range was 210 to 262 months' imprisonment. Without application of the career-offender enhancement, Lanking's advisory sentencing guidelines range was 100 to 125 months' imprisonment. In the absence of any objection on Lanking's part, the district court adopted the PSR, specifically including its application of the career-offender enhancement. Nevertheless, based on a consideration of the factors set out in 18 U.S.C. § 3553(a), the district court varied downward from the advisory sentencing range and imposed a sentence of 180 months in prison.

For the first time on appeal, Lanking asserts the district court erred in calculating his advisory sentencing range by reference to the career-offender provisions set out in Part B of Chapter Four of the Sentencing Guidelines. He also argues he can satisfy the heavy burden of demonstrating this forfeited claim of error is plain for purposes of Fed. R. Crim. P. 52. *Cf. United States v. Crowe*, 735 F.3d 1229, 1242 (10th Cir. 2013) (noting "[t]he plain error standard presents a heavy burden for an appellant"). In that regard, Lanking notes this court has definitively held that Hobbs Act robbery is not a crime of violence for purposes of §§ 4B1.1 and 4B1.2. *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017). Furthermore, as a result of the error, Lanking's advisory sentencing range more than doubled, from 100-125 months' imprisonment to 210-262 month's imprisonment. The use of an incorrect advisory sentencing range "set the wrong framework for the sentencing proceedings." *Molina-Martinez v.*

2

*United States*, 136 S. Ct. 1338, 1346 (2016). The resulting disparity affected Lanking's substantial rights. Finally, the Supreme Court has made clear that guidelines errors that affect an appellant's substantial rights ordinarily satisfy the fourth prong of plain-error review. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018) ("In the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."). In its response brief, the government concedes the district court erred in applying the career-offender enhancement and concedes Lanking has satisfied his burden of demonstrating plain error.

Upon review of the parties' briefs and contentions, the appellate record, and the relevant authorities, this court concludes Lanking's arguments and the government's corresponding concession are well-taken. Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **REMANDS** the matter to the district court to vacate Lanking's sentence and to resentence him without reference to the career-offender provisions set out in Part B of Chapter Four of the Sentencing Guidelines. Furthermore, given the

government's concession of error, this court's mandate is ordered to issue

forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge